UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV1624 JAR |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Cedric Woodson for leave to proceed in forma pauperis in this civil action filed under 42 U.S.C. § 1983. (Docket No. 3). The Court will grant the motion, and assess a partial initial filing fee of $7.35, which is twenty percent of his average monthly balance. *See* 28 U.S.C. § 1915(b). The Court will also dismiss this action pursuant to 28 U.S.C. § 1915(e), and deny as moot plaintiff's Motion to Appoint Counsel. (Docket No. 2).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Along with the instant motion and affidavit in support, plaintiff submitted a notarized "Resident Funds Inquiry" form showing that his institution account had an average monthly balance of $36.77. Based upon this information, the Court will require plaintiff to pay an initial partial filing fee of $7.35, which is twenty percent of his average monthly balance. 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true, and liberally construes the allegations.

2

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the City of St. Louis, OSHA, the State of Missouri, Mayor Francis G. Slay, the City of St. Louis Corrections, and Corizon, Inc. Plaintiff alleges that that the St. Louis City Justice Center is overcrowded, the building is condemned and infested with vermin and mold, there are inadequate fire and safety precautions, the kitchen has been shut down by city health officials, and inmate mail is mishandled. Plaintiff claims that other inmates have been affected by the conditions, but does not allege to have been personally injured in any way.

## Discussion

A pro se litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654. Consequently, this action is legally frivolous.

In addition, to state a claim against the Corrections Division of St. Louis City or Corizon, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff has not made any such allegations. As a result, these defendants must be dismissed.

Plaintiff's claim against the City of St. Louis is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Plaintiff's claim against the State of Missouri is barred by the Eleventh Amendment to the Constitution of the United States. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (the State of Missouri is absolutely immune from liability under 42 U.S.C. § 1983).

The only method for suing a federal agency, such as the United States Department of Labor, which oversees OSHA, is to file a claim under the Federal Torts Claim Act. *See* 28 U.S.C. § 2679(b)(1). Therefore, plaintiff's claim against OSHA is legally frivolous.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). There are no allegations that Mayor Francis G. Slay was directly responsible for an injury to plaintiff. He is sued under the theory of *respondeat superior*. As a result, plaintiff's allegations against him fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $7.35 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 2) is **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this 21st day of October, 2016.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE